HON. SAMUEL C. WINGARD ..................... do. do.

R. G. O'BRIEN..................................... CLERK.

PINCUS AND PACKSCHER *vs.* E. A. LIGHT.

There being no certificate showing the transcript contains all the evidence, introduced on the trial, in the court below, as required by Section 16, statutes 1875, page 24, this court has no jurisdiction except to dismiss the appeal, and does so of its own motion, upon discovering the want of jurisdiction.

Appeal from Third Judicial District holding terms at Steilacoom.

*John P. Judson* for appellant.

*H. G. Struve* for appellee.

Opinion by GREENE, Associate Justice.

Pending this motion, to strike out part of this record, the attention of the court is drawn to a question, whether, under the provisions of Section 16, of the act entitled "An Act prescribing the mode of proceeding to vacate, reverse, or modify judgments," approved 12th November, 1875, we have any jurisdiction to hear and determine this cause, or any motion in it, other than a motion to dismiss.

That section prescribes, that this court shall hear and determine a cause, whenever it shall appear, from a certificate provided in the section, "that the transcript contains all the evidence introduced by the parties on the trial, in the court below." This express definition of the event in which we may

511

take jurisdiction, excludes us from assuming it in any other event. We look, then, for such a certificate, as preliminary to any exercise of jurisdiction.

We find only a certificate of the clerk, that certain written evidence "annexed to the record transcript," *is all the evidence filed by Irving Ballard,* referee (otherwise designated master) in this action, *and introduced by the respective parties* to this action, on the trial of the same, in the said District court, at the January term of said court, in the year 1876." The natural and obvious meaning of this certificate is, that said written evidence is all of the evidence filed by Ballard, that parties introduced on the trial.

The certificate may be said to make that fact appear. But it does not make to appear that such evidence, so filed and introduced, was all the evidence introduced. That "the transcript contains all the evidence introduced" should appear. It should not be left to be gathered from one possible meaning of an equivocal phrase, nor be left to be assumed as intended to be certified by the clerk, but should *appear.*

The certificate required by statute is clearly commanded, precisely defined, and easy to make. The appellants, to save their appeal, should have seen to it that it was made.

It has not been made, and we are compelled to the opinion that there is no cause here that we can hear and determine.

The motion must, therefore, be *denied,* and the appeal dismissed.